WILLIAM STROUD, Respondent, v. DAVID TILTON, Appellant.

Books of account are admissible in evidence on the usual preliminary proof, though the entries were made by a deceased clerk, if they are verified by the oath of the party.

It is no ground of objection to their admissibility, that the items were noted on slates in the first instance, if they were transcribed on the books from day to day in the usual course of business.

The right of a party to use his books as evidence, is not abrogated by the statute authorizing him to testify as a witness in his own behalf.

APPEAL from the Supreme Court. The action was for the recovery of the amount due on a note of the defendant for $400, and a balance of account of $647.04, for work, labor and materials furnished by the plaintiff, in making and repairing guns for artillery purposes, at the request of the defendant.

The answer averred that the note was without consideration; denied the rendition of the services for the defendant; and alleged, by way of counter-claim, a special agreement for the performance of the whole work, within a specified time, for a sum not exceeding $500, and a breach of such agreement, to the damage of the defendant in an amount exceeding $1,000.

The cause was referred to Hon. LUCIEN BIRDSEYE, who found, as matter of fact, that the note was for a good consideration; that the work, labor and materials were furnished at the request of the defendant; that the balance claimed by the plaintiff was justly due, and that the allegations in support of the counter-claim were wholly unfounded. He accordingly directed judgment in favor of the plaintiff for $1,134.78.

The only question in the case entitled to consideration, arose on the exception of the defendant to the admission of the plaintiff's books of account, the proof in relation to which was substantially as follows: The plaintiff's business was that of an iron-founder and machinist. The work in question was done as custom work. He kept regular books

of account; and their correctness was proved by those who had dealt and settled with him by the books. His book-keeper was his son. The entries against the defendant were in the handwriting of the son, who died about a year after the commencement of the suit. The course of business was this : The work done was entered each day on a slate, by those doing it, or those under whose eye it was done, in the shop and the foundry respectively; and these charges were entered from day to day by the plaintiff's son in the books, and the entries on the slate effaced. The plaintiff testified that the books contained his account with the defendant; and, at a subsequent stage of the trial, he added that he believed the books to be correct; that the items of the defendant's account, as they there appeared, were correctly and fairly entered as to the price, the hours, and the materials charged; and that he knew the details at the times the charges were made, but was unable to remember them now, except by the aid of the books. It was proved that the prices charged were reason-able; that the work and materials were of the best quality; that one of the guns was delivered to the defendant, who expressed his entire satisfaction with it; and that the work on the other was continued until it was stopped by the direc-tion of the plaintiff.

The judgment was affirmed, on appeal, at the General Term in the first judicial district, and the defendant then appealed to this court.

*Richard M. Harrington,* for the appellant.

*Edwin T. Rice,* for the respondent.

PORTER, J. The books of the plaintiff were properly received in evidence. It was proved that the entries were made in the usual course of business, and that the clerk who made them was dead. The general correctness of the books was shown by those who had dealt with the plaintiff; and the accuracy of the charges in question was verified by his own oath. Part of the property had been delivered to the defendant, and the entire work was done under the supervi-

sion of his agent. No further proof was necessary to justify the introduction of the books. (*Merrill* v. *Ithaca & Owego Railroad Company*, 16 Wend., 694; *Brewster* v. *Doane*, 2 Hill, 537.)

There is no force in the objection that the witnesses who proved the correctness of the books settled their accounts by the ledger, without examination of the original entries. If the charges as posted and paid were honest, it is to be presumed that they were correct as entered in the day-books.

It appeared that the items of the plaintiff's account were noted, in the first instance, on slates in the various workrooms; but this constitutes no objection, as they were transcribed on the books from day to day in the usual course of business. (*Sickles* v. *Mather*, 20 Wend., 72; *Davison* v. *Powell*, 16 How., 467.)

The statute authorizing parties to testify in their own behalf has not deprived them of the right to introduce their books of account in evidence. (*Tomlinson* v. *Borst*, 30 Barb., 42.)

The judgment should be affirmed.

All the judges concurring,