Gilbert v. Sage.

——————

DANA D. GILBERT and another, Respondents, v. CLINTON H. SAGE et al., Appellants.

(GENERAL TERM, THIRD DEPARTMENT, APRIL, 1871.)

Where the defendant authorized the plaintiff, a storekeeper, to furnish provisions and tools to one O., a railroad contractor, on their (defendants') account, and directed that O. should give orders therefor,—*Held*, that the terms of the credit should receive a liberal construction in view of O.'s business and the purposes for which the articles were required.

A defence, that the sale counted on in the complaint is void, for having been made without a license, must be set up in the answer.

An objection, that an order for articles sold is inadmissible in evidence under the revenue laws, is untenable, as congress cannot prescribe what may or may not be evidence in the courts of this State.

A witness testified to statements made by the defendant tending to support plaintiffs' claim, and, upon cross-examination, that he had not informed the plaintiffs' attorney of the statements.—*Held*, that it was competent, on re-direct examination, to call his attention to a particular time and place and persons then present, for the purpose of allowing him to correct his testimony in regard to his not informing the plaintiffs' attorney.

Where an attempt was made to impeach the testimony of a witness for the plaintiffs,—*Held*, that it was competent to inquire of the witness whether he had not been on unfriendly terms with the plaintiffs.

To lay a foundation for his impeachment, it is competent to inquire of him whether he has not made statements inconsistent with his testimony, and to show, by other witnesses, that he has made such statements.

THIS action was brought to recover a store account. Two actions were consolidated, by order of the court. The suits were commenced in June and July, 1869, and answers served the same month. In September, 1869, the actions were referred to a referee, to try and decide. The referee, on the 27th of June, 1870, made his report, and judgment was entered June 30, 1870, for $1,848.58.

The plaintiffs claimed that the defendants agreed with them to furnish goods to one O'Brien on the defendants' account; the account at the end of each month to be made out in items and certified by O'Brien, or an order given for its footings, and to be paid on the 15th of the following month. Plaintiffs were merchants at Guilford, New York, on the line of the Midland road, and defendants were builders of the road, and O'Brien had a sub-contract, and, having become largely indebted to plaintiffs, they refused to trust him further. It was claimed, also, that defendants then agreed to pay O'Brien's orders and trade for supplies for the men in his employ, and for materials furnished for the work. The real contest in this case was, whether any such agreement was made. Plaintiff Gilbert testified to the agreement and its terms. Sage denied it. The books of both parties were kept as though the contract was as plaintiffs claimed. The accounts were rendered pursuant to it. One Brown swore that he heard defendant Williams tell of it, and Williams contradicted Brown. Defendants paid a portion of the account. The testimony was conflicting upon the material facts. The referee found in favor of the plaintiffs. The exceptions on the trial and to the report are fully discussed in the opinion.

Judgment was entered in favor of the plaintiffs, and the defendants appealed.

*David L. Follett*, for the appellant.

*I. S. Newton*, for the respondent.

Present—Miller, P. J., Potter and Parker, JJ.

By the Court—Miller, P. J. It is objected that the referee erred in his finding that an agreement was made between the plaintiff and defendant Sage on behalf of all the defendants, by which they agreed to pay for provisions and tools furnished to a sub-contractor on the railroad, under the defendants, and which were charged to the defendants as

Gilbert v. Sage.

delivered. The real contest in the case was, whether such an agreement was made. One of the plaintiffs swears that there was such an agreement with Sage, which is denied. The books of the plaintiff show that such was the plaintiffs' understanding of it, and the accounts were rendered accordingly, and for a period of three months were paid by the defendants as thus rendered. There was, in addition, proof of the declarations of one of the defendants to that effect, which was contradicted. There were also other witnesses, including the plaintiffs, contradictory thereof, and a variety of contradictory facts, presenting questions of credibility, which the referee could better determine than an appellate tribunal. The finding of the referee, that the date of the agreement was the 12th day of February, instead of about the 22d of January, as testified to by Gilbert, is not impor- tant, and does not present a material variance which would authorize this court to set aside the report. So far as this branch of the case is concerned, it presented a disputed ques- tion of fact, which belonged to the referee to determine, and there is no such preponderance of evidence in favor of the defendants as would justify the conclusion that he had erred in this respect.

I think that orders from O'Brien were embraced in the contract. According to the testimony, Sage spoke of orders being given by O'Brien for the goods, and thus, it appears, orders were authorized. As to the character of the articles furnished; although, by the contract, the plaintiffs were to let O'Brien have provisions and tools, yet the defendant Sage refers to them as supplies and as goods, thus giving a definition to the phraseology employed. The terms used should receive a liberal interpretation, and, when taken in connection with the business in which O'Brien was engaged, and the purposes for which the articles furnished were intended, a strict and technical construction should not prevail.

The proof as to liquors being sold and delivered under the orders is certainly very indefinite, and scarcely sufficient to

Gilbert v. Sage.

fix any amount which should be demanded by the referee on that account. Although there may be some circumstances which indicate that spirituous liquors constituted a portion of the articles furnished, yet this was entirely a question of fact for the referee. After a careful consideration of the subject, I am satisfied that the proof does not establish that the credit was given to the defendants beyond the fair terms and import of the guaranty.

It is said that the books were proven by witnesses reading from the day-book, and that a sufficient foundation was not laid for this purpose. The witnesses were allowed to testify to the items and to refer to the day-book to refresh their recollection, and each to read his own entries from the book. The witnesses could not remember all these items without the aid of the entries made, but I understand that they substantially testify to their correctness. This is within the rule laid down. (*Halsey* v. *Sinsebaugh*, 15 N. Y., 488; *Guy* v. *Mead*, 22 N. Y., 462; *Marcly* v. *Shults*, 29 N. Y., 351; *Stroud* v. *Tilton*, 3 Keyes, 139.) Independently of this evidence, the accounts were abundantly proven, having been presented to O'Brien, found accurate, and adjusted.

I think that no error was committed in excluding the offer of the defendants to show that the plaintiffs had no United States revenue license at the time the property was sold, and that they had no United States revenue license for the sale of liquor. There was no allegation of the want of a license in the answer, and no such defence is interposed. Where the party wishes to avail himself of such a defence, it must be set up by answer. (20 How., 154; 29 id., 489; 5 Sandf., 153.) The action is not brought to recover for liquors sold, and, therefore, the rule applicable to such cases does not prevail. The referee refused to allow the answer to be amended so as to set up this defence, and, therefore, the defence was not in the case, and the evidence properly excluded.

The objection that the orders were void and inadmissible, under the internal revenue act, is not available, as the Court

Gilbert *v.* Sage.

of Appeals have held that congress cannot prescribe what may or may not be evidence in the courts of this State.    (See *Birbour* v. *Gates*, Mss.)

Several objections were made upon the trial by the defendant as to the admission of evidence, which it is claimed were erroneously overruled.

I think there was no error in allowing the witness Brown to testify that he had made a statement of the conversation with Williams, one of the defendants, to the plaintiffs' attorney, in the presence of the plaintiffs and other persons. Brown testified to a declaration made by Williams, which tended to show the liability of the defendants.    The witness was cross-examined as to whether he had told the conversation to any person, and testified that he had never told plaintiffs' attorney the conversation, or what he would swear to. On the re-direct examination the plaintiffs' counsel called the attention of the witness to a particular time and place, as well as to the persons who were present, for the purpose of correcting the error into which it is claimed the witness had inadvertently fallen.    This correction the witness had a right to make, and the evidence was also properly admitted for the purpose of supporting the witness, who was contradicted by Williams as to the declaration made.

Nor do I discover any objection to the question put to the same witness, whether he had been on unfriendly terms with one of the plaintiffs for several months.    An attempt was made to impeach the witness, and to strengthen his evidence, it appears to me that the fact that he had no interest or feeling in favor of the plaintiffs, and, in truth, that he was on unfriendly terms with that party, was competent evidence. Sometimes a party calls a witness subpoenaed by his adversary, and proves that fact; not to impeach him, but for the purpose of showing that he has no bias.    The witness had been a clerk of the plaintiffs, and, therefore, might be supposed to lean in their favor.    To rebut any presumption arising from this fact, as well as the attack made upon him, it was competent to prove his relations with one of the plaintiffs.    Per-

haps the evidence would have no material bearing on the case, and could harm no one, and, therefore, might be disregarded, as not affecting the result. But if it was in any way material, and tended to sustain the witness, it was clearly admissible.

The question put to the same witness, Brown, whether O'Brien had told the witness that he had made arrangements so that he could trade with the plaintiffs, and get all the goods he could to finish the work, was, I think, properly admitted. Gilbert had testified that he had made a contract with Sage, at the intercession of O'Brien. O'Brien contradicted this evidence, and in his cross-examination denied that he had told the witness and others that he had any conversation with the witness, and other persons named, in regard to the bills, or that he had authority from the defendants to buy goods or to have them charged to the defendants. The foundation was thus laid for his impeachment, and the testimony was competent in this point of view.

For the same reason the testimony of Burwell, to contradict the testimony of O'Brien, was competent and proper. Although O'Brien was recalled by the plaintiffs and testified that he had no conversation with Gilbert, in the presence of Burwell and others, yet the evidence was merely a cross-examination to lay the foundation for impeaching testimony, and, therefore, he could not be regarded as a witness for the plaintiffs in any sense, and it was proper to contradict him.

I am inclined to think that the referee properly excluded the testimony of Follett, to contradict the evidence of the witness Brown. Neither time, place nor conversation is specified in the testimony of Brown, and the offer made includes a specific conversation not asked for of the witness. The attention of the witness should have been particularly called to the subject; and where a witness can be again called to testify, the rule should not be disregarded.

Some other questions are raised, but I think they do not require discussion.

There was no error upon the trial, and the judgment must be affirmed, with costs.

Judgment affirmed.