DANA D. GILBERT et al., Respondents, *v.* CLINTON H. SAGE et al., Appellants.

(Submitted September 30, 1873; decided January term, 1874.)

THIS was an action brought to recover for goods delivered to one O'Brien, a sub-contractor under defendants. Plaintiffs alleged that the goods were delivered under an arrangement with defendants, by which they were to be charged to, and paid for by, the latter.

The chief questions were as to the proof of such an agreement, and whether it covered all the goods delivered. The court *held*, that there was evidence to sustain the referee's findings of fact.

One of the plaintiffs and plaintiffs' clerks, by whom the sales and deliveries were proved, testified, under objection, as to the entries made by each in plaintiffs' day-book, each witness swearing that he sold the goods charged, and made the charge, though unable to state the details, save from the entries. *Held*, proper (*Halsey* v. *Sinsebaugh*, 15 N. Y., 488; *Russell* v. *H. R. R. R. Co.*, 17 id., 134; *Guy* v. *Mead*, 22 id., 465; *Marcly* v. *Shults*, 29 id., 351); and that the question was not affected by the fact that goods sold on orders were not entered in items but only the name of the person in whose favor the order was drawn and the amount,

as the witnesses, although unable to specify the items, were still thus able to prove that goods to the extent of the orders were delivered.

Plaintiffs called one Brown as a witness, who, upon his direct-examination, related a conversation between himself and one of the defendants material to the issue. Upon the cross-examination, he testified that he had been in plaintiffs' employment, that he had been present at an earlier hearing of the case, that he had not then told plaintiffs of this conversation, and had not told plaintiffs' attorney what he would swear to. He also testified that he had told defendants' attorney part of what took place in the conversation in question, but not all, and was further cross-examined as to his reasons for withholding part. On his re-direct-examination, his attention was called to a particular time and place, and he was asked in substance if he did not then, in the presence of certain persons named, state over the conversation to plaintiffs' attorney; this was objected to, objection overruled and witness answered that he did. *Held*, no error; that it did not touch upon the rule prohibiting a witness from confirming his testimony by previous unsworn statements, as it was simply a repetition of a question asked upon the cross-examination, with the specification of particulars tending to recall the witness' memory to the fact and thus enable him to correct a mistake, and was, at least, within the discretionary power of the court. Also, that as the aim of the cross-examination was to establish that so much of the conversation as was not detailed to defendants' counsel was an after-thought and subsequent invention of the witness, it was proper to show, in answer, that the witness had previously told the same story. This exception to the general rule is recognized in *Robb* v. *Hackley* (23 Wend., 50).

The same witness was allowed to testify under objection, on re-direct-examination, that he had been on unfriendly terms with plaintiffs. *Held*, no error; as the cross-examination was directed to impair his credit, by showing his employment by plaintiffs and his uncommunicativeness to defendants' counsel, to which the fact that he was not on

good terms with plaintiffs was a fair and legitimate answer. (*Clapp* v. *Wilson*, 5 Denio, 289.)

*David L. Follett* for the appellants.

*Newton & Tillson* for the respondents.

Johnson, C., reads for affirmance.
All concur.
Judgment affirmed.