JACOB H. HERRICK, Appellant, v. ADON SMITH, Jr., Respondent.

*Witness — impeachment of — when prior declaration of witness may be proved, for the purpose of sustaining his testimony.*

In this action, brought for a partnership accounting, the defendant claimed that the accounts had been settled by an accord and satisfaction. The parties themselves were the principal witnesses and gave contradictory evidence. The defendant to impeach plaintiff's testimony denying the settlement, gave evidence to show that at the time of the settlement, plaintiff thought that defendant's father, a man of wealth, intended to leave his property to defendant in trust and not absolutely; and that subsequently, upon learning that the property was left to defendant absolutely, so that defendant was pecuniarily responsible, he denied the settlement. Upon the trial the plaintiff offered to prove by a witness that he had denied that any settlement had been made before he knew the contents of the will of defendant's father.

*Held,* that the evidence was proper as tending to show that the plaintiff had denied the settlement, at a time when he could not have been impelled so to do by a knowledge of the change in defendant's pecuniary condition.

Where an attempt is made to discredit a witness on the ground that when his testimony is given his interests prompt him to make a false statement, he may show that he made similar statements at a time when he had no advantage to derive from so doing.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*William A. Beach,* for the appellant. It was error in the court upon the trial at Special Term to exclude the evidence offered, of statements by plaintiff, in regard to the indebtedness of the defendant to the firm, made to Mr. Camp and to Mr. Allen after the 5th day of February, 1874, and the time of the alleged settlement, and before the 24th day of March, 1874, the date of the death of Adon Smith, senior. (*The People* v. *Vane,* 12 Wend., 78; *Robb* v. *Hackley,* 23 id., 50; *People* v. *Finnegan,* 1 Parker's Crim. Rep., 147; *Smith* v. *Stickney,* 17 Barb., 489; *Railway P. A. Co.* v. *Warner,* 62 N. Y., 651; S. C., 1 Weekly Dig., 204; *Hotchkiss* v. *Germania Fire Ins. Co.,* 5 Hun [12 Sup. Ct.], 90; Starkie on Evidence, 353; 1 Phillips on Evidence, 814, 974; 1 Greenleaf on Evidence, § 469; 2 Taylor on Evidence, § 1330.)

*John E. Parson,* for the respondent.

Brady, J. :

This action is to recover a balance alleged to be due to the plaintiff on the partnership accounts between him and the defendant. The latter, in answer to the claim, set up as one of his defenses a settlement, an accord and satisfaction accomplished by the release of a note held against the firm by his father, and by the execution, also, by his father, of a note for $4,500 ; the object of which was to enable the firm to compromise with their creditors, and thus to avoid proceedings in bankruptcy. The defendant, as he alleges, was unwilling at first to ask his father to make the note of $4,500, but urged thereto by the plaintiff, finally yielded, and after some trouble succeeded in getting it. It was obtained and given, and the release or surrender of the other note, as against the firm, also consented to, in consideration of the agreement that it would be a full settlement of all partnership transactions between the defendant and the plaintiff. In other words, an accord and satisfaction, founded upon the consideration thus paid by a stranger, for the defendant's benefit. The parties, in their evidence, stood *vis a vis* on this subject, and their testimony was irreconcilable.

It appeared, however, upon the trial, that the defendant's father was dead, and that the plaintiff supposed that the defendant's share of his father's estate, who was a man of wealth, would be given to him by trust and not absolutely. It also appeared that the plaintiff, having obtained a copy of the will, learned that this was an erroneous view of the subject, and that he then determined to press his claim which he had not previously sought to enforce.

The proof of these facts, extracted from the plaintiff by the examination of the counsel for the defendant, gave rise to a suspicion or imputation that the prosecution of the demand resulted from the discovery mentioned, and that the denial of the settlement was also prompted by it. The possession of means to pay had, in other words, recreated or revived, or both, a claim which had been settled, and which was by a favorable change in the defendant's condition, valuable if it could be maintained.

The testimony, as stated, in reference to the settlement, was conflicting, and the parties were substantially the only witnesses. The

# 448                          HERRICK *v.* SMITH.

seeming presence of an apparent motive to misrepresent, namely, the ability of the defendant to pay, having thus confronted him, the plaintiff offered to show that *before the death of the defendant's father* and soon after the transactions between the parties in reference to their copartnership, he had stated to the witnesses named, that there had been no settlement; and thus he designed to relieve himself from the odium of the bad motive or imputation mentioned. The testimony was rejected and exception was taken; and thus is presented an important question, which if decided in favor of the plaintiff, disposes of this appeal.

Was the evidence admissible ?. The authorities are not in discord upon the proposition, that special circumstances may require the admission of such testimony, and that they do exist where a design, resting on facts proved may be imputed, to misrepresent from some motive of interest; in which case, in order to repel the imputation, it is proper to show a similar statement when the supposed motive did not exist, or when motives of interest would have prompted a different statement of facts. This view is sustained by the text books. (Starkie on Evidence, 353; Phillips on Evidence, 307, 308; 1 Greenleaf on Evidence, § 469; 2 Taylor on Evidence, § 1330.) And the subject is also elaborately considered and the principles declared in *Robb* v. *Hackley* (23 Wend., 50); it is reasserted in *Smith* v. *Stickney* (17 Barb., 489); again in *Hotchkiss* v. *The Germania Fire Insurance Company*, (12 N. Y. Sup. Ct., 90), and by Miller, J., in *Railway P. A.* v. *Warner* (62 N. Y. 651), although the latter case is only reported in memoranda, because a majority of the whole court did not concur. Justice Miller said: "As a general rule, such evidence is inadmissible, as the witness cannot be allowed to corroborate his statement in court by what was said by him out of court. *There are, however, exceptions to this rule, in case an attempt is made to discredit the witness on the ground that his testimony was given under the influence of some motive prompting him to make a false or colored statement, then, he may be allowed to show in reply, that he has made similar declarations at a time when the motive imputed to him did not exist.*

The testimony thus rejected is correctly said to be dangerous, and is to be accepted only under circumstances special in character, and then but for the purpose of corroborating the statement made

upon the witness' stand. The design of the rule is to enable the witness to relieve himself from an apparently dishonest motive, or imputation, in order that his testimony may not be unjustly criticised or discredited. It primarily affects his credibility only. If a motive or imputation be asserted or charged, and the parties are substantially the only witnesses to a particular, important and necessary fact, the former statement, in corroboration, may assist in the administration of justice. The guards placed about the application of the rule and the limit of its sphere, would seem to remove from it the dangerous consequences which the courts have apprehended. In this case the necessary elements are presented, and the evidence should have been received. For that reason the judgment should be reversed and a new trial granted, with costs to abide event.

DAVIS, P. J., and INGALLS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.