MARY C. JENKINS, AS ADMINISTRATRIX, ETC., OF SAMUEL JENKINS, DECEASED, RESPONDENT, *v.* THE CITY OF HUDSON, APPELLANT.

*Evidence — the testimony of a witness cannot be corroborated by proof of his own previous unsworn statements — an exception to this rule.*

While the plaintiff's intestate was riding upon a load of hay, through one of the streets in the city of Hudson, the wagon was overturned and the plaintiff's intestate was killed. In this action the plaintiff sought to recover the damages occasioned by the death of her intestate, upon the ground that the load was overturned in consequence of a hole in the street, which the defendant negligently suffered to exist there. The defendant claimed that the hay was improperly loaded and that this caused the accident. Upon the trial one Fleming, a son-in-law of the deceased, who had assisted in loading the hay and was riding with the deceased at the time of the accident, was called by the plaintiff and testified that the hay was properly loaded, and was in

an upright position when the hole was reached. On his cross-examination he was asked if he had not stated to certain persons, in the presence of others who were named, on the evening of the accident, that the load was one sided and out of a perpendicular when they started and along the road, and that they had been warned by several persons that it would go over. He having denied that he made these statements, several of the persons named were called and testified that he did make them. To sustain Fleming's denial the plaintiff was allowed to call several witnesses, who testified that at about the same time they heard him make statements in accord with his testimony as given on the direct-examination.

*Held,* that it was error to admit such evidence.

*It seems,* that if the defendant had sought to impeach the witness, or to impair his credibility by showing that, since the accident, his relations to the subject-matter of the action or to the plaintiff had so changed as to make it for his interest to testify falsely, it would have been competent for the plaintiff to prove that before this change occurred the witness gave the same account as he gave upon the trial. (Per LANDON, J.; LEARNED, P. J., not concurring.)

The plaintiff sought to bring the testimony admitted within this exception, by showing that the witness was the son-in-law of Jenkins; that Jenkins lived three days after the accident, and that during the lifetime of Jenkins the witness had no pecuniary interest in the matter, and that by Jenkins' death his daughter, the witness' wife, as one of his next of kin, became interested in the cause of action.

*Held,* that as these facts were proved by the plaintiff in the first instance, the proof of the statements made by the witness prior to, and to the same effect as his testimony given on, the trial responded to no issue presented by any proof on the part of the defendant, but presented the naked case of an attempt by the plaintiff to corroborate the testimony of his own witness by proof of the previous unsworn declarations of such witness.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Columbia Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*C. A. Baurhyte* and *C. P. Collier,* for the appellant.

*Andrews & Edwards,* for the respondent.

LANDON, J. :

The plaintiff's intestate, Samuel Jenkins, was riding upon a load of hay in Green street, in the city of Hudson, when the wagon and load overturned and Jenkins was thrown upon the pavement, receiving injuries from which he died three days later The plaintiff charges that the load was overturned in consequence of a

hole in the street, which the defendant negligently suffered to exist there. One Fleming, the son-in-law of Jenkins, had helped load the hay, and he rode with Jenkins upon the load from the latter's farm to the place of the accident, a distance of two or three miles. The defendant alleged that the hay was improperly loaded, and was not in an upright position when Green street was reached, and that this fact caused, or contributed to cause, the accident. Fleming was a witness for the plaintiff. He testified, in substance, that the hay had been properly loaded and was in an upright position when the hole was reached, and was by it so thrown out of perpendicular as to upset shortly after the hole was passed. On his cross-examination he was asked if he had not stated to certain persons, and in the presence of others named, on the evening of the accident, that the load was one-sided and out of a perpendicular when they started, and along the road, and that they had been warned by several persons that it would go over. He denied that he had made these statements. Several of these persons were called and testified that he did, at the times and places given, make them. To sustain him the plaintiff was permitted to call several witnesses, who testified that about the same time they heard him make statements in accord with his testimony on the direct-examination. The defendant duly objected and excepted. Our conclusion is that the testimony was inadmissible. The defendant had the right, for the purpose of impeaching the witness, to prove that he made statements out of court inconsistent with his testimony. The issue thereby tendered by the defendant was, whether in fact the defendant had made out of court such inconsistent statements. He had or he had not. The issue was not met by ignoring the facts proved by defendant, and by tendering proof that he had made statements corresponding with his testimony. This was an issue not raised by defendant. It might well be that he had made, out of court, both kinds of statements. (*Robb* v. *Hackley*, 23 Wend., 50; *Dudley* v. *Bolles*, 24 id., 465; *Smith* v. *Stickney*, 17 Barb., 489; *Commonwealth* v. *Jenkins*, 10 Gray, 485.)

There is a rule with which the rule above stated seems to have been confounded upon this trial. If the defendant had sought to impeach the witness or to impair his credibility by showing that, since the accident, his relations to the subject-matter or to the plain-

tiff had so changed as to make it for his interest to falsify his testimony, it would have been competent for the plaintiff to prove that before this change occurred, the witness gave the same account as now. In such case the defendant, by his evidence, starts the question or tenders the issue, namely : Has the change in the witness' relations to the plaintiff or to the subject-matter induced him to change his statement in his testimony from the truth? Clearly this is answered by proving that there is no change of statement, and this is done by showing what his statements were before the change in his relations. If his statements have always been consistent the question started by defendant is met and answered. (*Herrick* v. *Smith,* 13 Hun, 446; *Gilbert* v. *Sage,* 57 N. Y., 639; cases, *supra.*)

In the instance last presented it will be observed that the defendant does not prove what the witness' inconsistent declarations out of court were. He rests his impeachment upon showing the pressure of an interest arising after the cause of action arose. But it is conceivable that he may tender the double issue, namely, the witness has made statements out of court inconsistent with his testimony, and also has, since the event occurred upon which the action rests, acquired such an interest or been so influenced as to induce him to testify as he now does. The plaintiff may be unable to answer the first issue and yet be able in some measure to answer the second, by proving that the witness, before he acquired the alleged interest, made the same statements as he has testified to.

The plaintiff in effect claims that this double issue was tendered, and therefore the testimony under consideration admissible. It does appear that the witness Fleming was the son-in-law of Jenkins, the deceased ; that Jenkins lived three days after the accident ; that during the lifetime of Jenkins, Fleming had no pecuniary interest in the matter ; that by Jenkins' death his daughter, Fleming's wife, as one of his next of kin, became interested in this cause of action. But all these facts were proved by the plaintiff in the first instance, and as a part of his direct-examination of this witness. Whatever advantage, therefore, might be derived by the defendant from these facts, was the free gift of the plaintiff. The defendant did not take issue upon any of them. The defendant might fairly claim that upon the plaintiff's own showing the witness testified under the

influence of his interest. The plaintiff, therefore, by proving that the witness made the same statements after the accident and before Jenkins died, as he now testified to, responded to no issue presented by any proof on the part of the defendant, but presented the naked case of corroborating the testimony of the witness by his unsworn declarations. *The People* v. *Vane* (12 Wend., 78), which held that where an accomplice was a witness for the people, it was competent for the people to repel the imputation which that fact implied against his veracity, by showing that immediately after the crime he had made the same statements as he had testified to, is distinctly repudiated by the subsequent cases.

· Some *dicta* in *Adams* v. *Greenwich Insurance Company* (70 N. Y., 170); *Hotchkiss* v. *Germania Insurance Company* (5 Hun, 95); *People* v. *Finnegan* (1 Park C. R., 151), are cited by the plaintiff, but in none of these cases were the questions here presented involved.

The judgment must be reversed, a new trial granted, costs to abide the event.

BOCKES, J., concurred.

LEARNED, P. J.:

I concur in holding the evidence to be inadmissible, but I am not willing to say that the rule admitting such so-called corroborating evidence in certain cases is well settled or sound. I think it would be dangerous.

Judgment and order reversed and new trial granted, costs to abide event.