EARL E. ELLIS, RESPONDENT, *v.* JOHN E. SHARP, AS TRUSTEE OF SCHOOL DISTRICT No. 9, OF THE TOWN OF FABIUS, APPELLANT.

*Pleadings — what facts should be alleged in the complaint in an action by a schoo teacher against the trustee of the district.*

In this action, brought to recover wages alleged to be due to the plaintiff, as a teacher in the school district of which the defendant was the trustee, the complaint alleged that the plaintiff was employed by the defendant to, and did, teach the school in said district for the period of three months, and that the wages due to him therefor amounted to the sum of $120, no part of which had been paid, and that the defendant had neglected and refused to pay the same. Upon an appeal from an order overruling a demurrer interposed to the complaint, on the ground that it did not state facts sufficient to constiute a cause of action:

*Held,* that it must be assumed that the plaintiff was a qualified teacher, and that his services were solicited and contracted for, by and in behalf of the defendant, by a person authorized and empowered by law; that if the plaintiff was not qualified, the disqualifying facts should be alleged in the answer.

It was claimed that the complaint was defective because there was no averment in terms, of a refusal to give an order on the supervisor for public moneys, or of a refusal or neglect to collect any balance by tax.

*Held,* that the allegation that the defendant had "neglected and refused to pay" the wages was equivalent to such an averment.

That the plaintiff was not required to aver specifically that he had performed each act and duty required to be done and performed by him in the discharge of his duties as a teacher in the public schools, and that any failure on his part so to do should be set up in the answer as a defense.

APPEAL from an order and judgment overruling a demurrer to a complaint entered in Onondaga county.

The action was brought to recover wages alleged to be due to the plaintiff, as a teacher, at forty dollars per month, for three months, $120.

*Waters & McLennan,* for the appellant. ·

*Fuller, Fuller & Cook,* for the respondent.

HARDIN, P. J. :

Plaintiff's complaint alleges that defendant was elected a trustee of the school district named, and being authorized and empowered by law, he employed the plaintiff to teach the school in said district, at a salary of forty dollars per month, for a term of three months, which employment and the terms·thereof were accepted by the plaintiff. Then he alleges " that pursuant to said employment by the defendant, as trustee as aforesaid, the plaintiff entered upon the same, and taught the school in said district for the said period of three months, which term ended on or about the 19th day of December, 1884. That the wages of the plaintiff for his said services as teacher of aforesaid school amounted to the sum of one hundred and twenty dollars, no part of which has been paid, and the defendant, as trustee as aforesaid, although thereto requested, has neglected and refused to pay the same, or any part thereof, notwithstanding the said sum of one hundred and twenty dollars was due and payable on the 19th day of December, 1884, afore-said." We think it must be assumed that the plaintiff was a qualified teacher, and that the services were solicited and contracted for, by and in behalf of the defendant, by a person authorized and empowered by law. All reasonable intendments are to be indulged in, in support of the pleading demurred to. (*Lorillard* v. *Clyde,* 86 N. Y., 385.)

. If the plaintiff was not qualified according to the law in regard to being a recipient of public moneys, or in any regard to the collection by tax of his wages, the fact must be brought into the case by an answer. Section 42 of the school law (chap. 555 of 1864), as amended by chapter 406 of the Laws of 1867 (2 R. S. [7th ed.], 1166), does not, in terms, prohibit a district from employing a teacher not having the qualifications named in section 42 of the school law. It merely prohibits payment in the money apportioned to the district, and declares that such wages cannot be collected by tax. In *Dillaye* v. *Parks* (31 Barb., 132) it was held that when a disability does not appear upon the face of the complaint, if the defendant wishes to avail of it, he must set it up as a defense.· In *Gilbert* v. *Sage*

(5 Lans., 287) it was held a defense that the sale of liquors was void, and that it must be set up in defense to be available.

It is urged that the complaint is defective, because there was no averment, in terms, of a refusal to give an order on the supervisor for public moneys (sub. 10, § 45, school law), and of a refusal or neglect to collect any balance by tax. But it is alleged that the defendant "has neglected and refused to pay" the wages earned. We think that allegation may be considered as equivalent to an averment that the defendant had refused to give a warrant upon the supervisor, and a refusal to collect by tax of the district.

It has been repeatedly held that school districts are *quasi* corporations, and trustees are officers of them, and that their acts bind the corporation when performed within their jurisdiction. ( *Wait* v. *Ray,* 67 N. Y., 38 ; *Horton* v. *Garrison,* 23 Barb., 176). In *Silver* v. *Cummings* (7 Wend., 183) it was said "each school district has, when organized, a separate qualified corporate existence." In *Fister* v. *LaRue* (15 Barb., 324), JOHNSON, J., says of such a corporation, viz : "Having availed itself of the services, and received the benefits, it is bound, in conscience, to pay, and will not be heard to say that the original agreement was not made by a person legally authorized to contract."

Section 44 of the school law (2 R. S. [7th ed.], 1166) provides that teachers shall keep school lists and accounts of attendance. By section 53 of the act, it is made the duty of trustees to provide a book therefor, and each teacher is required to verify the entries by his oath. It must be assumed the teacher performed his duty in that regard. It is provided that until such entries have been made and verified "the trustees shall not draw on the supervisor for any portion of his wages." (2 R. S. [7th ed.], 1169, § 53.)

If the defendant is able to establish the fact that its refusal to give a warrant or order upon the public fund was because of an omission of duty by the plaintiff, it should aver that as a defense. We do not think plaintiff was required to aver specifically each act, step and duty done under the contract for wages. A trustee has no power to contract for unqualified teachers. (*Gillis* v. *Space,* 63 Barb., 178.) The demurrer admits the contract was made with the plaintiff, and that he performed the services named. It is, there-

fore, most reasonable to assume that defendant did its legal duty. (*Lorillard* v. *Clyde, supra.*)

Our attention is directed to *Baker* v. *The City of Utica* (19 N. Y., 3_6). That was an action of a city surveyor for services, which were included in assessments made for the expenses of certain local improvements, which assessment the city was proceeding to collect, but they had not been collected when the action was begun. It was then held that the charter provided " a peculiar mode of compensation for his services," and that he was bound by that mode. We think the case does not sustain the contention of the appellant. We reach the conclusion that the complaint before us states facts sufficient to constitute a cause of action, and that the defendant must bring in any defense it may have by answer. ·

The judgment should be affirmed, with costs, and leave given to defendant to withdraw the demurrer and answer in twenty days, upon payment of costs of the demurrer and of this appeal.

BOARDMAN and FOLLETT, JJ., concurred.

Interlocutory judgment affirmed. with costs, and leave given to the defendant to withdraw the demurrer and answer in twenty days, upon payment of the costs of demurrer and of this appeal.