Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Earle T. Fiddler, of New York City, for appellants.

Vine H. Smith, of New York City, for respondent.

PER CURIAM. [1-3] The order for defendant's examination states that such examination is to be "upon the issues in this action." Plaintiff may examine defendant upon all issues involving plaintiff's right to an accounting, but not as to issues which may arise only in the event that he succeeds in establishing defendant's duty to account. Nor has plaintiff, except under unusual circumstances (which do not exist here), any right to examine as to any fact which defendants must affirmatively establish as part of their defense. These familiar principles are well settled in this department. Del Genovese v. Del Genovese, 149 App. Div. 266, 133 N. Y. Supp. 765; Lawson v. Hotchkiss, 140 App. Div. 297, 125 N. Y. Supp. 261; Tuthill v. Schinasi, 141 App. Div. 520, 126 N. Y. Supp. 409.

Plaintiff, on the ground of fraud, seeks to set aside his alleged abandonment of the policy, his consent to change of beneficiary, and as well his assignment of the policy; but he admits that the policy and its proceeds should stand as collateral for his indebtedness to defendants, if any. The so-called defenses as pleaded are substantially merely the negative of the matters which plaintiff will have to prove as part of his affirmative case, and under these circumstances plaintiff's right to examine should not be denied. The order, however, is too broad, inasmuch as it would permit an examination as to matters pertaining solely, not to the right to an accounting, but to the measure of defendants' accountability.

The order should be modified, so as to provide that an examination may be had concerning all transactions relating to the delivery and pledge of the policy to the defendants, the release of plaintiff's interest therein by abandonment or otherwise, to the circumstances under which the change of beneficiary was made, and also as to the state of the accounts between the parties as of the aforesaid periods. The latter feature is one which may have some bearing upon the question as to whether the transfer of the policy was or was not fraudulently obtained, and whether it was absolute or as collateral security.

As so modified, the order should be affirmed, without costs to either party.

---

BLOOM v. UNION RY. CO. OF NEW YORK. (No. 6618.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS.

     In an action by a passenger hurt while alighting, a report made by the conductor in charge of the street car as to the cause of the accident is inadmissible, being a mere self-serving declaration.

     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 1050*)—REPORT—HARMLESS ERROR.
     Where the evidence as to the cause of an injury to a passenger in
   alighting conflicted, the erroneous admission of the conductor's report
   was prejudicial error.

     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068,
   1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

Appeal from Bronx County Court.

Action by Esther Bloom against the Union Railway Company of
New York. From a judgment for defendant, and an order denying
a new trial, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, DOWLING, and HOTCHKISS, JJ.

J. Brownson Ker, of New York City, for appellant.
J. Ralph Hilton, of New York City, for respondent.

McLAUGHLIN, J.   This action was brought in the County Court
of the county of the Bronx to recover damages for personal injuries
alleged to have been sustained by plaintiff while getting off one of de-
fendant's cars. The defendant had a verdict, and from the judgment
entered thereon, and an order denying a motion for a new trial, plain-
tiff appeals.

The plaintiff's testimony was to the effect that while she was getting
off the car it was suddenly started, and she was thrown to the ground
and injured. Her testimony as to the car starting while she was get-
ting off was uncorroborated. The testimony of three witnesses on the
part of the defendant was to the effect that plaintiff stepped from the
car while it was in motion and in this way her injuries were sustained.
The jury, as indicated by its verdict, necessarily found that the plaintiff
stepped from the car before it had come to a stop, and by reason of
that fact she was not entitled to recover.

[1, 2] The evidence fairly sustains the finding of the jury, and we
would have no hesitancy in affirming the judgment, except for an error
in the admission of evidence. Defendant's witness Fitzpatrick, the
conductor of the car, testified that after he had signaled to the motor-
man to stop the car, and before it had come to a full stop, the plaintiff
started to get off; that he put his hand on her arm, and told her to
wait until the car stopped; that she did not do so, but stepped off while
the car was in motion, and was thrown to the ground. He was then
asked to identify the plaintiff, who was in court. After looking at her,
he stated that he thought she was the one, but at the time of the acci-
dent she looked older. He finally stated that he could not swear posi-
tively whether or not she were the woman who got off. Defendant's
counsel then produced a paper, and asked the witness if it were in his
handwriting. He stated that it was, and consisted of a report to the
defendant of the accident; that he made out the report in the evening
following the accident, and in it he gave the name of the woman in-
jured. He was then shown the report, and after looking at it said it
refreshed his recollection, and it was the plaintiff who got off. The
report was then offered in evidence, to which plaintiff's counsel ob-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jected. The objection was overruled, an exception taken, and the report received.

This was error. It was, at most, a self-serving declaration of defendant's representative. In this report was a statement that:

"As car was coming to a stop at 179th street and Third avenue, a lady, who was standing on rear platform on exit side, suddenly jumped off backwards. I had my hand on her arm, but she jumped too forcibly."

There was, as already indicated, a conflict in the testimony as to whether or not plaintiff stepped from the car after it had come to a stop. This report bore very strongly upon that issue, and may have affected the substantial rights of the plaintiff.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.