JOHN L. AUTIER and HENRY DREW, Copartners Doing Business under the Firm Name of AUTIER & DREW, Respondents, v. BERTHA M. THOMPSON, Defendant, and SIDNEY A. THOMPSON, Appellant.— Appeal from a judgment in favor of the plaintiffs, after a trial before the court without a jury, in an action to recover the alleged contract price for furnishing and installing plumbing fixtures in appellant's house. Judgment reversed on the law, with costs, and complaint dismissed, with costs. In view of the documentary evidence, there is no credible evidence upon which a judgment for the plaintiffs can be supported. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

BERTHA BOX, Respondent, v. MICHAEL T. LINNEMANN, and Others, Defendants, and OTTO G. HEMMING and FRIEDA HEMMING, His Wife, Appellants.— In this foreclosure action, the appellants, owners of the property involved, appeal from the judgment of foreclosure and sale. The judgment roll discloses that the answer of the appellants, by denials of material allegations of the complaint, raises issues of fact which have not been disposed of. The granting of the motion to strike out the answer and for summary judgment pursuant to rule 113 of the Rules of Civil Practice "to the extent of granting an order of reference * * * to hear and report the amount due for interest and taxes" does not dispose of the issues raised by the answer. The appellants are entitled to have those issues adjudicated on the merits. Judgment of foreclosure and sale of the County Court of Nassau county reversed on the law and the matter remitted to the County Court of Nassau county for the disposition of the issues raised by the appellants' answer, with costs to appellants to abide the event. Lazansky, P. J., Hagarty, Carswell Johnston and Taylor, JJ., concur.

ROSE BRONHEIM, Appellant, v. JOHN M. KELLEHER, Individually and as Trustee under the Last Will and Testament of JOHN J. KELLEHER, Deceased, Respondent.— From a judgment dismissing the plaintiff's complaint at the close of her case, the plaintiff appeals. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. The plaintiff attempted to establish the defendant's liability on several theories: (1) That the premises were let for a public use and, at the time of the letting, defects existed therein which made the premises unsuited and dangerous for public use. Evidence tending to establish this theory was excluded. The evidence was competent and should have been admitted. (*Swords* v. *Edgar*, 59 N. Y. 28; *Lusk* v. *Peck*, 199 id. 546; *Eckler* v. *Rochester Packing Co.*, 264 id. 605.) (2) That the defendant as landlord retained control of the roof and had let the roof to another tenant. This evidence was also admissible and its exclusion was error. (3) That the tenant in possession at the time of the accident was a monthly tenant and not a tenant under a written lease. If this theory was established, the defendant would be responsible for any nuisance existing at the time of the last monthly letting. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.