WILLIAM I. BROWN and NANETTE M. BROWN, Respondents, v. THOMAS G. RANDAZZO, Appellant, and Others, Defendants.— In an action for the foreclosure of a mortgage on real estate, resettled order of the County Court of Nassau county granting the motion of plaintiffs for an order striking out the answer of the defendant Thomas G. Randazzo " to the extent of granting an order appointing a referee to take proof and report as to the taxes and/or interest in arrears, if any " reversed on the law, without costs, and the matter remitted to the County Court of Nassau county for the entry of an order in due form in that phase thereof which contemplates summary judgment. Although in our opinion, the plaintiffs, upon this record, are entitled to summary judgment, no triable issue being disclosed, the order appealed from fails to dispose of plaintiffs' motion as made. Hence the necessity of reversal and remission on that sole ground. (Cf. Box v. Linnemann, 257 App. Div. 849.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

HARRY CLARK, JOSEPH A. FREIJE, LOUIS ROMANO, an Infant over the Age of 14 Years, by MARY ROMANO, His Guardian ad Litem, and MARY ROMANO, Respondents, v. EDWARD A. THOMPSON, Appellant, and EDMUND T. HOSKEY, Defendant.— Action to recover damages for personal injuries sustained by Harry Clark, Joseph A. Freije and Louis Romano; passengers, by reason of the collision of two motor vehicles, and, on the part of Mary Romano, to recover for loss of services and medical expenses. Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. The trial court erred in admitting the accident report made to the Commissioner of Motor Vehicles by the codefendant Hoskey immediately after the accident. The statement was self-serving and falls within the rule and not the exception. (Robb v. Hackley, 23 Wend. 50; Smith v. Stickney, 17 Barb. 489; Bloom v. Union Railway Co., 165 App. Div. 257; Trampusch v. Kastner, 242 id. 803.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

HARRY COHEN, Individually and Doing Business as PYRAMID GAS STATION, Appellant, v. NEW DEAL PETROLEUM CORPORATION, LOUIS BERKOWITZ and SAMUEL S. BRESLIN, Respondents, and HARRY SEGAL, Defendant.— Appeal from order granting respondents' motion to strike out as redundant the second and third causes of action contained in the amended complaint and to dismiss the fourth cause of action on the ground that it does not state facts sufficient to constitute a cause of action. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

JAMES CRISTELLO, Respondent, v. ROSE GEIGER, Appellant, and JAY GEIGER, Defendant.— Action to recover damages for personal injuries and property damage as a consequence of the collision of two cars. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.