Ethel Douglas and Elizabeth Porter, Respondents, v. Manfree Realty Corp., Appellant.— Action to recover damages for personal injuries sustained by plaintiffs because of the alleged negligence of defendant and as the result of a nuisance for which it allegedly was responsible. Judgment in favor of plaintiffs, entered upon a jury verdict, and order denying defendant's motion to set aside such verdict and for a new trial, reversed on the law and a new trial granted, with costs to appellant to abide the event. The plaintiffs were asleep in a bedroom in premises consisting of a one-family house previously renovated by the defendant, which premises were demised by the defendant to one of the plaintiffs as a tenant from month to month. Plaintiffs were injured by the fall of a ceiling in a bedroom thereof. The complaint in its allegations was sufficiently broad to plead both negligence and nuisance, although the latter term was not mentioned therein. The learned trial justice submitted the issues to the jury in the negligence phase only. His charge, which became the law of the case, was that in order to recover plaintiffs must first show that repairs were made to the ceiling after the tenancy started, and that there was actual negligence in the making of the repairs thereto. The undisputed evidence showed that no repairs were made to the ceiling after the tenancy actually commenced. The verdict was, therefore, contrary to law. A new trial, rather than a dismissal of the complaint, is directed

because of the cause of action based on nuisance, considered in the light of our determination in *Bronheim* v. *Kelleher* (257 App. Div. 849), in which, *inter alia*, we held " That the tenant in possession at the time of the accident was a monthly tenant and not a tenant under a written lease. If this theory was established, the defendant would be responsible for any nuisance existing at the time of the last monthly letting." Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.