Cosmo Mustacchio, Respondent, *v.* Brooklyn Trust Company, Individually and as Executor, etc., of Caroline S. Harman, Deceased, Appellant, and Kenneth R. Shand, as Executor, etc., Defendant.

Second Department, October 13, 1942.

*Francis X. McHugh* for appellant.

*Harry Hartman* and *Michael Giller* for respondent.

*Per Curiam.* Action to recover damages for personal injuries sustained when plaintiff fell from a window of the upper apartment of a two-family house while he was engaged in replacing a broken light of glass.

The facts alleged in the complaint and established by the proof were susceptible of a finding of liability on the theory of nuisance as well as of negligence. The rule of liability relating to the existence of a nuisance where a month to month tenancy is involved would be applicable herein if the question of duty of a tenant to make repairs were pertinent. (*Bronheim* v. *Kelleher*, 257 App. Div. 849; *Douglas* v. *Manfree Realty Corp.*, 263 App. Div. 998.) Statements of abstract doctrine relating to the duty of a tenant to make repairs had no proper place in this case. The appellant-landlord assumed to have the light of glass replaced and assumed control of part of the premises, with the consent of the tenant, to make such a repair. In making the repair the plaintiff was on the premises at the request of and acting in the right of the appellant, who had for the time being assumed control. Under these circumstances it was the duty of the appellant not to expose plaintiff to danger by sending him to replace a pane of glass in a window sash which appellant knew to be in a rotten and dangerous condition, which fact was not known to or readily observable by plaintiff. The jury found that plaintiff was not sent to repair the window sash; he was merely sent to replace the pane of glass. Under such circumstances *Lenetsky* v. *Dime Savings Bank of Brooklyn* (261 App. Div. 977) and *Kowalsky* v. *Conreco Company* (264 N. Y. 125) have no application.

The judgment should be affirmed, with costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment affirmed.