■ MARIA LA POSTA et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered May 31, 1968 in favor of defendant, upon a jury verdict. Judgment affirmed, with costs. No opinion. Christ, Acting P. J., Brennan, Hopkins and Munder, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: I am of the opinion that the cross-examination of defendant's principal witness, Mrs. Westcott, vis-à-vis her conversations and meetings with defendant's attorney Tanzer and its other representatives prior to the trial, was responsive to testimony elicited on direct examination (cf. 98 C. J. S., Witnesses, § 393, subd. [b]); Tanzer questioned Mrs. Westcott on direct examination as to the extent of his conversations with her before the trial obviously to impress the jury by her answers, that he had never pressured her into giving a false account of the accident, but had only advised her to tell the truth. Since defendant raised the issue, it should not be heard to complain later, under the circumstances present herein (in order to have evidence admitted of her prior consistent statements to rebut an alleged recent fabrication), that plaintiffs' attorney, in pursuing the issue on cross-examination, had somehow "implanted" an inference in the jury's mind that Mrs. Westcott's version of the accident was concocted at such meetings with Tanzer and other representatives of defendant. With respect to the testimony of Transit Officer Blackman, the record demonstrates that he was not interrogated, either on direct or cross-examination, as to the alleged prior statements made by Mrs. Westcott to him or the notations made by him with respect to such statements, all of which were consistent with her direct testimony on defendant's behalf; therefore, admission *de novo* by the Trial Judge, of such alleged consistent statements and notations, on redirect examination of Blackman, was improper and constitutes error (*Gilbert* v. *Sage*, 5 Lans. 287, affd. 57 N. Y. 639; *Anderson* v. *Brown*, 276 App. Div. 450, amd. on other grounds, 276 App. Div. 1057, affd. 302 N. Y. 773; 98 C. J. S., Witnesses, § 419). Assuming *arguendo* that evidence of Mrs. Westcott's prior consistent statements was properly admitted, the Trial Judge should have charged that they were admissible not to prove or disprove any fact involved in the issues on trial, but only to corroborate or support the credibility of Mrs. Westcott (*People* v. *Jung Hing*, 212 N. Y. 393, 401–402). I am also of the opinion that an accurate and explicit charge vis-à-vis the "last clear chance" doctrine should have been given; from the nature of the injuries and the facts in dispute, a question of fact was created as to whether the motorman had sufficient time to observe plaintiff Mrs. La Posta on the tracks in order to prevent the train from striking her notwithstanding her possible contributory negligence (cf. *Brennan* v. *City of New York*, 277 App. Div. 854; 65A C. J. S., Negligence, § 300). Since the issue of liability is a close one in this case, plaintiffs should be given a new trial, even though no exceptions were taken to the erroneous and inadequate instruction. The record presents cumulative errors of law so prejudicial and substantial as to require a new trial in the interests of justice (*Karnbach* v. *Bould*, 24 A D 2d 600; *Carroll* v. *Harris*, 23 A D 2d 582).